Nicholas Fortuna (NF -9191)
Paula Lopez (PL- 2657)
Allyn & Fortuna LLP
1010 Avenue of the Americas
New York, NY 10006
Telephone: (212) 213-8844
Facsimile: (212) 213-3318

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____X

ROGELIO MARTINEZ-CRUZ  and
ERICK MARTINEZ-CASTILLO,
*individually and on behalf of others similarly situated*　　　　　Civil Case No.:

Plaintiffs,

**COMPLAINT**

-v-

YORK BAGELS INC. D/B/A BAGELS & CO.,
AMSTERDAM AVE BAGELS INC., D/B/A
BAGELS & CO., VLAD DJOURAEV and YURI
ISHAKOV, jointly and severally, in their
individual and professional capacities,

Defendants.

_____X


## NATURE OF THE ACTION

1.　　　Plaintiffs ROGELIO MARTINEZ-CRUZ ("Cruz") and ERICK MARTINEZ-

CASTILLO ("Castillo") (collectively "Plaintiffs"), on behalf of themselves and others similarly

situated, through their undersigned counsel, bring this action in order to recover from

Defendants, YORK BAGELS INC d/b/a BAGELS & CO. ("Bagels & Co-York"),

AMSTERDAM AVE BAGELS INC, d/b/a BAGELS & CO. ("Bagels & Co-Amsterdam"),

VLAD DJOURAEV ("Djouraev") and YURI ISHAKOV ("Ishakov") (collectively referred to as

"Defendants") for their wrongful withholding of Plaintiffs' lawfully earned wages and overtime compensation, as well as for liquidated damages, and attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), 29 U.S.C. §§ 201 et seq.,.  Plaintiffs also bring this action for violations under New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations to recover (i) wrongfully withheld back wages for overtime work performed by Plaintiffs, (ii) spread-of-hours pay, (iii) liquidated damages pursuant to New York Labor Law; and (iii) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## SUMMARY

2.      At all relevant times, Plaintiffs Cruz and Castillo were employed by Defendants as counter employees working at Defendants' two kosher bagel bakery restaurants located in the upper east side and upper west side neighborhoods in Manhattan, New York.

3.      At all relevant times, Plaintiffs' job duties included taking food orders, preparing food and drink orders for customers, preparing catering orders, and stocking inventory.

4.      Plaintiffs Cruz and Castillo allege on behalf of themselves and on behalf of others similarly situated, comprised of current and former employees of defendants Bagels & Co-York, Bagels & Co-Amsterdam, Djouraev and Ishakov, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to recover: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because of Defendants' willful violation of the law.

5.      Plaintiffs Cruz and Castillo further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of Defendants,

pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) spread of hours pay, (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for Defendants' violations of the notice and wage statement provisions under the Wage Theft Prevention Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district.

## THE PARTIES
### Plaintiffs

**Rogelio Martinez-Cruz**

9.      Plaintiff Cruz is an adult individual currently residing in the State of New York, County of New York.

10.      Plaintiff Cruz is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

11.      Plaintiff Cruz consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A copy of Mr. Cruz's written consent is attached hereto and incorporated by reference.

12.     From 2000 until in or about June 2015, Plaintiff Cruz was employed by Defendants' predecessors at the Bagels & Co-Amsterdam location operating at 391 Amsterdam Avenue, New York, New York a/k/a 172 W. 79th Street, New York, New York.

13.     Upon information and belief, in or about June 2015, Defendants acquired the Bagels & Co. business and continued the uninterrupted operation of the Bagels & Co kosher bagel bakery restaurants under new corporate names (Amsterdam Ave Bagels Inc and York Bagels Inc), in the same upper east side and upper west side of Manhattan locations as their predecessors.

14.     Plaintiff Cruz was employed by Defendants at Bagels & Co-Amsterdam from in or around June 1, 2015 to June 30, 2016.

15.     During this period, Cruz regularly worked six days a week, Monday through Friday, 6:00 a.m. to 5:00 p.m. and Sundays, 6:00 a.m. to 5:00 p.m., for a total of approximately sixty-four (64) hours per week.

16.     During this period, plaintiff Cruz worked in excess of ten (10) hours a day for each day worked Monday through Friday for which Defendants failed pay spread of hours compensation of one-hour's pay at the basic minimum hourly wage rate.

17.     Plaintiff Cruz was paid in cash on a salary basis of $800.00/week, regardless of the number of hours he worked, and without premium pay for hours worked in excess of forty (40) hours/week.

18.     Plaintiff Cruz stopped working at Bagels & Co-Amsterdam in or around July 2016.

19.     Then, in or around October 2016 until July 15, 2019, plaintiff Cruz was employed by Defendants at Bagels & Co-York location, performing all the same duties he was performing

at the Bagels & Co-Amsterdam location, which included taking food orders, preparing food and drink orders for customers, preparing catering orders, slicing fish, opening the bagel restaurant, and stocking inventory.

20.     From on or about October 1, 2016 until October 31, 2018, plaintiff Cruz regularly worked Sundays through Fridays from 6:00 a.m. to 2 p.m., resulting in a total of approximately forty-eight (48) hours per week.

21.     Plaintiff Cruz was paid on a salary basis of approximately $600.00/ week regardless of the number of hours he worked, and without premium pay for hours worked in excess of forty (40) hours/week.

22.     During this period, plaintiff Cruz was paid through a combination of check and cash.

23.     Defendants did not provide a time clock, sign in sheet, or any other method for plaintiff Cruz to track his time worked.

24.     From November 2018 through January 2019, Plaintiff Cruz's schedule changed to working five days a week. Sunday through Tuesday, Thursdays and Fridays, from 6:00 a.m. to 2:00 p.m.

25.     Plaintiff Cruz was paid on a salary basis of approximately $600.00/ week regardless of the number of hours he worked.

26.     From on or about February 1, 2019 through July 15, 2019, Plaintiff Cruz resumed working six days a week, regularly working Sundays through Fridays from 6:00 a.m. to 2 p.m., resulting in a total of approximately forty-eight (48) hours per week.

27.     Plaintiff Cruz was paid on a salary basis of approximately $700.00/ week regardless of the number of hours he worked, and without premium pay for hours worked in excess of forty (40) hours/week.

28.     During this period, plaintiff Cruz was paid through a combination of check and cash.

29.     At all times, regardless of the manner by which Defendants paid plaintiff Cruz, Defendants never paid him at the overtime rate for hours worked in excess of 40 hours/week.

30.     A more precise statement of the hours worked by plaintiff Cruz and wages owed to him will be made when Plaintiffs obtain the wage and time records Defendants were required to keep under the FLSA and NYLL.

31.     Plaintiff Cruz was not provided with a notice containing, his regular rate of pay, overtime rate of pay, basis for his rate of pay, the designated pay date, or the official name or any other names used for the business, business address, and telephone number at the time of hiring or at any point thereafter, and Defendants failed to obtain his signature acknowledging such.

32.     Plaintiff Cruz was never provided with accurate wage statements detailing dates worked, weekly record of the hours worked, and regular or overtime rates of pay, wages paid to him, or any of the required employer details, at any point during the time of his employment with Defendants.

33.     Throughout the duration of his employment, plaintiff Cruz did not have any supervisory authority, nor did he exercise discretion or independent judgement with respect to matters of significance.

**Erick Martinez-Castillo**

34.     Plaintiff Castillo is an adult individual currently residing in the State of New York, County of New York.

35.     Plaintiff Castillo is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

36.     Plaintiff Castillo consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A copy of Mr. Castillo's written consent is attached hereto and incorporated by reference.

37.     Plaintiff Castillo was employed by Defendants at Bagels & Co-Amsterdam location as a counter employee until his termination via text message dated March 24, 2020, effective March 19, 2020. While employed, his duties primarily include taking and preparing food and drink orders.

38.     Plaintiff Castillo commenced his employment for Defendants at Bagels & Co-Amsterdam in or around June 1, 2015 until December 15, 2015 and again, from February 1, 2019 to March 19, 2020.

39.     Plaintiff Castillo was employed by Defendants at Bagels & Co-York location from on or about October 1, 2018 until February 1, 2019, at which time he was transferred to work at Bagels & Co- Amsterdam location. At both locations, Plaintiff Castillo performed the same duties.

40.     From June 1, 2015 until December 15, 2016, plaintiff Castillo regularly worked six days a week, Sunday through Friday, 6:00 a.m. to 3:00 p.m., for a total of approximately fifty-four (54) hours per week.

41.    From June 1, 2015 until December 15, 2015, plaintiff Castillo was paid in cash the sum of $600.00/week for all hours worked.

42.    From on or about October 3, 2018 to December 15, 2019, plaintiff Castillo regularly worked six days a week, Sunday through Friday, 5:30 a.m. to 2:30 p.m., for a total of approximately fifty-four (54) hours per week.

43.    From on or about October 3, 2018 to August 18, 2019, plaintiff Castillo was paid through a combination of cash and check the sum of approximately $620.00.

44.    From October 3, 2018 to December 31, 2018, the $620.00 paid to Castillo did not include overtime pay premium for all hours worked by Castillo in excess of forty (40) hours per week.

45.    From January 1, 2019 through August 18, 2019, the $620.00 paid to Castillo did not include overtime premium for all hours worked by Castillo in excess of forty (40) hours per week.

46.    Beginning on or about August 19, 2019 until on or about December 15, 2019, plaintiff Castillo was paid through a combination of cash and check, the sum of approximately $670.00/week.  The $670.00 paid to Castillo did not include overtime pay for all hours worked by Castillo in excess of forty (40) hours per week.

47.    Upon information and belief, until March 2019, Defendants never provided plaintiff Castillo with any paystubs or wage statements providing any of the information required by New York law, such as regular and overtime hours worked or regular and overtime pay.

48.    Beginning in March 2019, Defendants began providing plaintiff Castillo with paystubs; however, the information on the paystubs was inaccurate—each paystub did not reflect the accurate number of hours worked or the accurate method/rate of pay.

49.     In addition, the paystubs did not contain all the information required by the Wage Theft Prevention Act.

50.     Defendants did not provide a time clock, sign in sheet, or any other method for plaintiff Cruz to track his time worked.

51.     On complaining to Defendants about their improper payroll procedures, inaccurate paystubs, and requesting to have all his hours (regular and overtime hours) and applicable withholdings accurately reflected on the paystubs, Defendants retaliated against plaintiff Castillo by shortening and cutting his hours from 54 hours/week to 40 hours/week as of December 15, 2019.

52.     Thereafter, following Plaintiffs' assertion of informal claims made through counsel in connection with Defendants' various wage violations, Defendants further retaliated against plaintiff Castillo by terminating his employment effective March 19, 2020 because he would not accede to attempts made by Defendants to settle his wage and hour claims without counsel.

53.     At all times, regardless of the manner by which Defendants paid plaintiff Castillo, Defendants never paid him for all hours worked in excess of 40 hours/week at the applicable overtime rate.

54.     A more precise statement of the hours worked by plaintiff Castillo and wages owed to him will be made when Plaintiffs obtain the wage and time records Defendants were required to keep under the FLSA and NYLL.

55.     Plaintiff Castillo was not provided with a notice containing, his regular rate of pay, overtime rate of pay, basis for his rate of pay, the designated pay date, or the official name or any other names used for the business, business address, and telephone number at the time of

hiring or at any point thereafter, and Defendants failed to obtain his signature acknowledging such.

56.     Plaintiff Castillo was never provided with accurate wage statements detailing dates worked, weekly record of the hours worked, and regular or overtime rates of pay, wages paid to him, or any of the required employer details, at any point during the time of his employment with Defendants.

57.     Throughout the duration of his employment, plaintiff Castillo has never had any supervisory authority, nor did he exercise discretion or independent judgement with respect to matters of significance.

### Defendants
### Corporate Defendants

58.     Upon information and belief, defendant York Bagels Inc is a New York corporation with a principal place of business at 500 East 76th Street, New York, New York 10021 a/k/a 1428 York Avenue, New York, New York 10021.

59.     At relevant times, defendant Bagels & Co-York has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206 (a) and 207(a).

60.     Upon information and belief, defendant Amsterdam Ave Bagels Inc has been, and continues to be a New York corporation with a principal place of business at 172 W. 79th Street, New York, New York 10024 a/k/a 391 Amsterdam Avenue, New York, New York 10024.

61.     At all relevant times, defendant Bagels & Co-Amsterdam has been, and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206 (a) and 207(a).

62.     At all relevant times, Bagels & Co-York was a covered employer within the meaning of the FLSA, 29. U.S.C. §203 (d) and the NYLL § 190.

63.     At all relevant times, Bagels & Co-Amsterdam was a covered employer within the meaning of the FLSA, 29. U.S.C. §203 (d) and the NYLL § 190

64.     At all relevant times, Bagels & Co-York maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll and other employment practices that apply to them.

65.     At all relevant times, Bagels & Co-Amsterdam maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll and other employment practices that apply to them.

66.     At all relevant times, Bagels & Co-York was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C 203(s)(1)(A) because its employees were preparing and selling food made from ingredients that were manufactured out of the state and distributed in New York.

67.     At all relevant times, Bagels & Co-Amsterdam was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C 203(s)(1)(A) because its employees were preparing and selling food made from ingredients that were manufactured out of the state and distributed in New York.

68.     Upon information and belief, at all relevant times, Bagels & Co-York's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. §203(s)(1)(a)(ii).

69.     Upon information and belief, at all relevant times, Bagels & Co-Amsterdam's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. §203(s)(1)(a)(ii).

70.     Upon information and belief, there was a substantial continuity of ownership, workforce, assets, and business between defendants Bagels & Co-Amsterdam and Bagels & Co-York.

71.     Upon information and belief, at relevant times, defendants Bagels & Co-Amsterdam and Bagels & Co-York have jointly operated two kosher bagel bakery restaurants doing business as "Bagels & Co." and have constituted a single "enterprise" as defined in the FLSA.

72.     Upon information and belief, corporate defendants Bagels & Co-York and Bagels & Co-Amsterdam are related entities and operate together as a single integrated enterprise. Specifically, they are owned, managed, and operated by the same core team of individual defendants. In addition, they share the same website (http://bagelskosher.com/).

73.     Upon information and belief, non-exempt workers at Bagels & Co-York and Bagels & Co-Amsterdam perform the same basic job duties, are subject to the same employment policies and practices, and are directed and/or permitted by Defendants to perform work at multiple locations.

### Individual Defendants

### Vlad Djouraev

74.     Upon information and belief, defendant Djouraev is an owner or part owner and principal of defendants Bagels & Co-York and Bagels & Co-Amsterdam, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

75.     Defendant Djouraev was and continues to be involved in the day-to-day operations of defendants Bagels & Co-York and Bagels & Co-Amsterdam and plays an active role in managing the business.

76.     At all relevant times throughout Plaintiffs' employment, defendant Djouraev had and continues to have the discretionary power to create and enforce personnel decisions on behalf of defendants Bagels & Co-York and Bagels & Co-Amsterdam, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedules and otherwise controlling the terms and conditions of Plaintiffs' employment.

77.      At all relevant times throughout Plaintiffs' employment, defendant Djouraev is a 'covered employer' within the meaning of the FLSA and NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

78.     At all relevant times, defendants Bagels & Co-York and Bagels & Co-Amsterdam and defendant Djouraev were and/or continue to be joint employers of Plaintiffs, act in the interest of each other with respect to the Plaintiffs, and maintain common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2.

**Yuri Ishakov**

79.     Upon information and belief, defendant Ishakov is an owner or part owner and principal of defendants Bagels & Co-York and Bagels & Co-Amsterdam, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

80.     Defendant Ishakov was and continues to be involved in the day-to-day operations of defendants Bagels & Co-York and Bagels & Co-Amsterdam and plays an active role in managing the business.

81.     At all relevant times throughout Plaintiffs' employment, defendant Ishakov had and continues to have the discretionary power to create and enforce personnel decisions on behalf of defendants Bagels & Co-York and Bagels & Co-Amsterdam, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedules and otherwise controlling the terms and conditions of Plaintiffs' employment.

82.      At all relevant times throughout Plaintiffs' employment, defendant Ishakov is a 'covered employer' within the meaning of the FLSA and NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

83.     At all relevant times, defendants Bagels & Co-York and Bagels & Co-Amsterdam and defendant Ishakov were and/or continue to be joint employers of Plaintiffs, act in the interest of each other with respect to the Plaintiffs, and maintain common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2.

84.     Upon information and belief, defendants Djouraev and Ishakov hired plaintiffs Cruz and Castillo, set their schedules, supervised their work, and set their pay.

85.     Defendants Bagels & Co-York, Bagels & Co-Amsterdam, Djouraev and Ishakov, at all relevant times, constituted "employers" of plaintiffs Cruz and Castillo, as that term is used in the Fair Labor Standards Act and New York Labor Law.

86.     Upon information and belief, Defendants failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

87.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and a collective defined as follows: All persons who are or were employed by Defendants in the United States at any time since February 1, 2017, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

88.     Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Plaintiffs seek to prosecute his New York Labor Law claims on behalf of themselves and a class defined as follows: All persons who are or were employed by defendants in the United States at any time since February 1, 2014, to the entry of judgment in this case (the "Class Period"), and who were not properly paid overtime compensation, spread-of-hours pay, and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

89.     Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

90.     Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of Defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

91.     Plaintiffs will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

92.     Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and Plaintiffs have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

93.     Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

94.     Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

95.     Among the common questions of law and fact under the FLSA and New York wage and hour laws common to Plaintiffs and other putative Class/Collective Action Members are the following:

i.      Whether Defendants failed and/or refused to pay Plaintiffs and the Collective Action Members premium pay for all hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

ii.     Whether Defendants failed and/or refused to pay Plaintiffs and the putative Class Members premium pay for all hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

iii.    Whether Defendants failed and/or refused to provide Plaintiffs with spread of hours compensation for each hour worked in excess of 10 hours in any given day in violation of New York wage and hour laws and the regulations promulgated thereunder;

iv.   Whether Defendants failed and/or refused to provide Plaintiffs and the putative Class Members with the wage notices and weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

v.   Whether Defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

vi.   Whether Defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

96.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

97.   The Class/Collective Action Members are similarly situated to Plaintiffs in that they were employed by Defendants at the Bagels & Co-York and Bagels & Co-Amsterdam locations, as non-exempt counterpersons—taking customer's orders and preparing food and beverage orders, and were denied premium overtime pay for hours worked beyond forty hours in a week.

98.   The Class/Collective Action Members are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime and/or spread-of-hours pay, and having their employees work interchangeably between both locations.

99.   Plaintiffs and the Collective Action Members and Class Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by Defendants.

100.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS RELEVANT TO ALL CLAIMS

101.   At all relevant times herein, Defendants owned and operated two kosher bagel bakery restaurants under the trade name Bagels & Co in the upper east side and upper west side of Manhattan.

102.   Plaintiffs Castillo and Cruz, at various times, worked at both Bagels & Co locations during the last six years.

103.   The work performed by plaintiffs Castillo and Cruz were performed in the normal course of Defendants' business and were integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

104.   Plaintiffs and the class members were all paid pursuant to the same unlawful corporate policies of Defendants, which failed to pay overtime premiums for all hours worked in excess of forty (40) hours in a workweek, failed to pay an extra hour of minimum wage for shifts worked in excess of ten (10) hours, and failed to provide proper and accurate wage statements and wage notices.

105.   Upon information and belief, at all relevant times, Defendants have failed to maintain accurate and complete time and payroll records for their employees.

106.   Plaintiffs were paid the same amount each week for all hours worked, regardless of the exact number of hours worked each week.

107.   Defendants' payment of a weekly salary to Plaintiffs and other class members regardless of hours worked, rather than paying them on an hourly basis, is a violation 12 N.Y.C.R.R. § 146-2.5.

108.   As a result, Defendants failed to pay Plaintiffs overtime premiums of one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours per week,

in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

109.    Defendants' failure to pay Plaintiffs and other class members the overtime premiums for all overtime hours worked was willful, and lacked a good faith basis.

110.    Defendants failed to provide Plaintiffs and other class members with paystubs or wage statements in accordance with the requirements under New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

111.    Any paystubs or wage statements that were provided by Defendants, if any, were inaccurate as to the hours worked, manner and rate of pay.

## **FIRST CAUSE OF ACTION**

### **Fair Labor Standards Act – Unpaid Overtime Wages**

112.    Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

113.    At all relevant times, Defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

114.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for all hours they worked in excess of forty hours per workweek.

115.    As a result of Defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate not less than one-and-one-

half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

116.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

117.    Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

<u>**SECOND CAUSE OF ACTION**</u>

**New York Labor Law – Unpaid Overtime Wages**

118.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

119.    At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

120.    Defendants willfully violated the rights of Plaintiffs and the members of the Class by failing to pay them full overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 137 and 12 N.Y.C.R.R. § 146.

121.    Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

122.    Due to Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198(1-a), and § 663(1).

### THIRD CAUSE OF ACTION

### New York Labor Law- Spread-of-Hours Pay

123.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

124.    The spread-of-hours provisions as set forth in NYLL *§§* 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs and all members of the Class.

125.    Defendants have failed to pay Plaintiff Cruz spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.6.

126.    Through their knowing or intentional failure to pay Plaintiff Cruz and those similarly situated spread-of-hours compensation, Defendants have willfully violated the NYLL *§§* 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

127.    Due to Defendants' violations of the NYLL, Plaintiff Cruz is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the

NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION

**(New York Labor Law – Wage Theft Prevention Act)**
**Failure to Provide Notice at the Time of Hiring**

128.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

129.    At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

130.    Defendants willfully violated the rights of Plaintiffs and the members of the Class by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter, containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1 ).

131.    Due to Defendants' violations of the NYLL § 195(1), Plaintiffs are entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-b).

## FIFTH CAUSE OF ACTION

### (New York Labor Law – Wage Theft Prevention Act)
### Failure to Provide Wage Statements

132.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

133.    At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

134.    Defendants willfully violated the rights of Plaintiffs and the members of the Class by failing to provide them with accurate weekly wage statements, listing their rate of pay; basis of pay; the period covered; and overtime pay, tip credits or deductions in violation of NYLL § 195(3).

135.    Due to Defendants' New York Labor Law violations relating to the failure to provide wage statements, Plaintiffs and the members of the Class are entitled to recover from the Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-d).

## SIXTH CAUSE OF ACTION

### New York Labor Law - Prohibited retaliation

136.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

137.    The retaliation provisions as set forth in NYLL § 215 (1) apply to Defendants and protect Plaintiff Castillo.

138.     Defendants unlawfully retaliated against Plaintiff Castillo when, upon complaining to Defendants about their improper payroll procedures, inaccurate paystubs, and requesting to have all his hours (regular and overtime hours) and applicable withholdings accurately reflected on the paystubs, Defendants shortened and cut his hours from 54 hours/week to 40 hours/week beginning December 15, 2019, thereby infringing his rights under New York Labor Law in violation of  NYLL § 215 (1).

139.     Thereafter, following Plaintiffs' assertion of informal claims made through counsel in connection with Defendants' various wage violations, Defendants further retaliated against plaintiff Castillo by terminating his employment effective March 19, 2020 because he would not accede to attempts made by Defendants to settle his wage and hour claims without counsel.

140.     Due to Defendants' unlawful retaliation against Plaintiff, he has suffered great hardship and damages and is entitled to recover an award comprising of lost compensation, costs and reasonable attorneys' fees, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000) pursuant to NYLL § 215 (2)(a).

141.     Defendants should also be ordered to pay a civil penalty of a maximum of Ten Thousand Dollars ($10,000) pursuant to 29 NYLL § 215 (1)(b).

## SEVENTH CAUSE OF ACTION

### Fair Labor Standards Act - Prohibited retaliation

142.     Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

143.     The retaliation provisions as set forth in FLSA, 29 U.S.C.A. § 215 apply to

Defendants and protect Plaintiff Castillo.

144.    Defendants unlawfully retaliated against Plaintiff Castillo when, upon complaining to Defendants about their improper payroll procedures, inaccurate paystubs, and requesting to have all his hours (regular and overtime hours) and applicable withholdings accurately reflected on the paystubs, Defendants shortened and cut his hours from 54 hours/week to 40 hours/week as of December 15, 2019, thereby infringing his rights in violation of 29 U.S.C.A. § 215(3).

145.    Thereafter, following Plaintiffs' assertion of informal claims made through counsel in connection with Defendants' various wage violations, Defendants further retaliated against plaintiff Castillo by terminating his employment effective March 19, 2020 because he would not accede to attempts made by Defendants to settle his wage and hour claims without counsel.

146.    Due to Defendants' unlawful retaliation against Plaintiff Castillo, Plaintiff has suffered great hardship and damages of an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Cruz and Castillo, on behalf of themselves and the members of the collective and class actions, respectfully requests that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

c.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations;

d.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  Unpaid overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

f.  Unpaid overtime wages and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

g.  Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

h.  An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

i.  An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

j.  A compensatory award, costs and reasonable attorneys' fees, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000) for Defendants' prohibited retaliation against Plaintiff pursuant to NYLL § 215(2)(a);

k.  A civil penalty of a maximum of Ten Thousand Dollars ($10,000) for Defendants' prohibited retaliation against Plaintiff pursuant to NYLL § 215(1)(b);

l.  A compensatory award, costs and reasonable attorneys' fees, and liquidated damages for Defendants' prohibited retaliation against Plaintiff pursuant to 29 U.S.C. 215 (3);

m.  A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

n.  If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

o.  An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules§§ 5001-5004;

p.  An award of post-judgement pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules §5003;

q.  An award of attorney's fees, costs, and further expenses pursuant to 29 U.S.C. §216(b), and NYLL §§ 198 and 663(1);

r.  Punitive damages; and

s.  Such other and further relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

Dated: New York, New York
       May 26, 2020

                                   Respectfully submitted,
                                   **ALLYN & FORTUNA, LLP**

                          By:      /s/
                                   Nicholas Fortuna (NF-9191)
                                   Paula Lopez (PL- 2657)
                                   *Attorneys for the Plaintiffs*
                                   1010 Avenue of the Americas, St. 302
                                   New York, New York 10018
                                   Tel: 212.213.8844   Fax: 212.213.2218

**EXHIBIT A**

<u>CONSENT TO SUE</u>

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against YORK BAGELS INC. D/B/A BAGELS & CO., AMSTERDAM AVE BAGELS INC., D/B/A BAGELS & CO., VLAD DJOURAEV and YURI ISHAKOV and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.      By signing and returning this consent form, I hereby designate Allyn & Fortuna LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand the Firm will petition the court for attorneys' fees from any settlement or judgment as set out in the professional services agreement I entered into with the Firm. I agree to be bound by the adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

### Rogelio Martinez

_____
Full Legal Name

### 05/26/20

_____
Date

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against YORK BAGELS INC. D/B/A BAGELS & CO., AMSTERDAM AVE BAGELS INC., D/B/A BAGELS & CO., VLAD DJOURAEV and YURI ISHAKOV and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.      By signing and returning this consent form, I hereby designate Allyn & Fortuna LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand the Firm will petition the court for attorneys' fees from any settlement or judgment as set out in the professional services agreement I entered into with the Firm. I agree to be bound by the adjudication of this action by a court, whether it is favorable or unfavorable.

_____

Signature

  Erick  Martinez Castillo
_____

Full Legal Name

  05/26/20
_____

Date