**MEMO ENDORSED**



ATTORNEYS AT LAW

**NEW YORK**
**1010 AVENUE OF THE AMERICAS**
**NEW YORK, NEW YORK, 10018**
TELEPHONE: **(212)213-8844**
FACSIMILE: **(212)213-3318**

December 17, 2020

*Via Electronic Case Filing*
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile  (973) 379-0048

> Re:   *Martinez-Cruz, et ano. v. York Bagels Inc. et ano.*
>        *Case No.: 1:20-cv-4084 (KPF) (SN)*

Dear Judge Failla:

Allyn & Fortuna LLP represents the plaintiffs, Rogelio Martinez-Cruz and Erick Martinez-Castillo (collectively referred to as "Plaintiffs"), in the above-referenced case. Together with counsel for the Defendants, Emanuel Kataev, Esq. of Milman Labuda Law Group PLLC, we submit this joint letter and proposed Civil Case Management Plan and Scheduling Order in compliance with this Court's November 25, 2020 and December 2, 2020 Orders. See Docket Entries 21 and 23. Additionally, as counsel for Plaintiffs and Defendants are in agreement as to the proposed Civil Case Management Plan and Scheduling Order and do not presently have any issues that need to be raised with the Court, we request that the Court adjourn the initial pretrial conference scheduled for December 23, 2020 at 2:00 p.m. and permit the parties to proceed with discovery in accordance with the proposed Civil Case Management Plan and Scheduling Order.

1. **Brief Description of the Case, Including the Factual and Legal Bases for the Claim(s) and Defense(s).**

   a.   Plaintiff's Position:

In or about June 2015, Defendants YORK BAGELS INC. d/b/a BAGELS & CO. ("Bagels & Co-York"), AMSTERDAM AVE BAGELS INC., d/b/a BAGELS & CO. ("Bagels & Co-Amsterdam"), VLAD DJOURAEV ("Djouraev") and YURI ISHAKOV ("Ishakov") (collectively referred to as "Defendants") acquired the Bagels & Co. business, which operates two locations, one at 391 Amsterdam Avenue, New York, New York a/k/a 172 W. 79th Street, New York, New York (Bagels & Co-Amsterdam) and one at 500 East 76th Street, New York, New York 10021

(Bagels & Co-York York), and continued the uninterrupted operation of the Bagels & Co kosher bagel bakery restaurants under new corporate names. From 2000 until June 2015, plaintiff Cruz was employed by Defendants' predecessors at Bagels & Co-Amsterdam.  Plaintiff Cruz continued to work for Defendants at Bagels & Co-Amsterdam from June 1, 2015 through June 30, 2016 as a counter employee.

Plaintiff Castillo first began working for Defendants in or around June 2015 until his termination via text message dated March 24, 2020, effective March 19, 2020. Castillo commenced his employment for Defendants at Bagels & Co-Amsterdam, and continued working at that location until December 15, 2015 and again, from February 1, 2019 to March 19, 2020. Plaintiff Castillo also worked at Bagels & Co-York from on or about October 1, 2018 until February 1, 2019, at which time he was transferred to work at Bagels & Co-Amsterdam.

Plaintiffs bring this action against Defendants for their failure to pay overtime wages for hours worked in excess of forty (40) hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL").  In addition, plaintiff Cruz seeks to recover for violations of spread of hours pay for days in which he worked longer than 10 hours/day and plaintiff Castillo has asserted a claim for retaliation in violation of NYLL § 215 (1) and FLSA, 29 U.S.C.A. § 215.  Additionally, both Plaintiffs assert claims for the maximum statutory penalties under New York State Department of Labor Regulations and NYLL § 195 (3) and § 195 (1) for Defendants' failure to provide wage notice forms and weekly wage statements, liquidated damages under the FLSA and NYLL, and pre-judgment interest.

      b.   <u>Defendants' Position:</u>

Defendants deny that the Plaintiffs each worked the number of hours that they claim they worked, the and the method by which they claim they were paid.   Both Plaintiffs received substantial tips, further limiting their claims.  Plaintiffs also both took meal breaks, received at least one (1) meal a day from Defendants, and were frequently off work due to the Jewish holidays (let alone the fact that the bagel stores closed earlier than set forth in Plaintiffs' allegations on Fridays due to the Sabbath).  Plaintiffs were not paid a salary as they claim; they were paid an hourly wage.  Because they frequently worked the same schedules, the Plaintiffs were often paid the same amount of wages on a week-to-week basis.  In addition, Defendants entered into an asset purchase agreement and the Corporate Defendants commenced operations on July 1, 2015; thus, they are not liable for alleged unpaid wages prior to July 1, 2015.

**2.   Basis for Subject Matter Jurisdiction**

Plaintiffs and Defendants jointly submit that this Court has subject matter jurisdiction over this case based on a federal question arising under Plaintiffs' Fair Labor Standards Act claims within the meaning of 28 U.S.C. § 1331.  Plaintiffs submit that this Court has authority and should exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because Plaintiffs' state-law claims are related to the federal FLSA claims so as to form part of the same case or controversy,

they do not raise a novel or complex issue of New York law, and do not substantially predominate over the FLSA claims.

### 3. Any Outstanding or Contemplated Motions

    a.  <u>Plaintiffs</u>:

There are no outstanding motions. However, Plaintiffs anticipate filing a summary judgment motion regarding liability.

    b.  <u>Defendants</u>:

Defendants do not contemplate filing, but reserve the right to, any appropriate motion in accordance with the Federal Rules of Civil Procedure, Local Civil Rules, and this Court's Individual Rules.

### 4. A statement of all existing deadlines, due dates, and/or cut-off dates.

There are presently no existing deadlines, due dates, and/or cut-off dates.  This is the parties' initial pretrial conference for Rule 26(f) purposes.

### 5. A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.

The parties exchanged initial discovery pursuant to S.D.N.Y's FLSA Pilot program in connection with the mediation that was held with mediator Robert Kheel on September 15, 2020. No further discovery has been exchanged as no conference was yet held pursuant to Rule 26(f).

### 6. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.

The parties participated in a mediation through the S.D.N.Y.'s mediation office on September 15, 2020 and continued discussions thereafter, but were unable to reach a settlement. The parties are not opposed to continuing settlement discussions but submit that they have reached impasse.

The parties thank this honorable Court for its time and attention to this case.

Respectfully submitted,

/s/ Paula Lopez
/s/ Emanuel Kataev, Esq

Cc.: Defendants' counsel (via ECF)

The Court understands that the parties wish to adjourn the initial pretrial conference pursuant to the Court's Individual Rule of Practice in Civil Cases 3.B.  That application is GRANTED.  The initial pretrial conference currently scheduled for December 23, 2020, is hereby ADJOURNED *sine die*.  The parties are ORDERED to appear for a pretrial conference on April 27, 2021, at 10:00 a.m. in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.  The Court will endorse the parties' proposed case management plan under separate cover.

Dated:     December 17, 2020          SO ORDERED.
           New York, New York

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE