

ATTORNEYS AT LAW

**NEW YORK**
**1010 A**VENUE OF THE **A**MERICAS
**N**EW **Y**ORK, **N**EW **Y**ORK, **10018**
**TELEPHONE: (212)213-8844**
**FACSIMILE: (212)213-3318**

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile  (973) 379-0048

May 3, 2021

<u>Via Electronic Case Filing</u>
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

   Re: <u>Martinez-Cruz, et ano. v. York Bagels Inc. et ano.</u>
     <u>Case No.: 1:20-cv-4084 (KPF) (SN)</u>

Dear Judge Failla:

  Allyn & Fortuna LLP represents the plaintiffs, Rogelio Martinez-Cruz and Erick Martinez-Castillo (collectively referred to as "Plaintiffs"), in the above-referenced case.

  The instant action is for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL"). Plaintiffs' counsel is writing pursuant to Local Civil Rule 37.2 to request an informal conference to address certain discovery disputes that have arisen in this action and we have attempted to work out with Defendants' counsel but have been unable to do so. Also, as an aside, Plaintiffs would like to disclose to the court that between April 23, 2021 though this afternoon, the parties have endeavored to negotiate a settlement in this action, first, through the use of an informal third-party mediator and then directly through counsel, until this afternoon it seemed like a settlement was about to be reached; unfortunately, the parties have reached an impasse, and require the court's assistance in  addressing the discovery issues noted herein.

  By way of background, Plaintiffs had previously requested an extension of the fact discovery deadline by letter dated April 12, 2021 because Defendants had been uncooperative in scheduling depositions. Your honor granted Plaintiffs' request on April 12, 2021 and extended the deadline to May 13th.

  After numerous attempts to schedule the depositions with Defendants, on April 21, 2021, Defendants' counsel indicated that the only dates available for defendants to be deposed were May 10th and 11th. Upon request from Defendants' counsel, Plaintiffs' counsel offered to produce Plaintiffs on April 29th, May 5th and/or May 6th.  Defendants selected May 5th and 6th as the dates to depose Plaintiffs.

On April 22, 2021, Plaintiffs' counsel wrote to Defendants' counsel confirming the deposition dates and raising specific deficiencies in Defendants' discovery responses, which we sought to resolve prior to the start of depositions and on April 23, 2021 served Notices to Admit since the deposition schedule would not allow sufficient time for serving them after the completion of depositions. A copy of the letter to counsel dated April 22, 2021 is annexed hereto as Exhibit "A". Specifically, the letter raises deficiencies in Defendants' responses to Plaintiffs' document demands, all of which refer Plaintiffs back to Defendants' Initial Disclosures and/or documents "already produced.". However, Defendants did not produce any documents as part of their initial disclosures despite asserting in their Initial Disclosures that they are in possession of "Plaintiffs' time records (or records indicating the time Plaintiffs worked), Plaintiffs' payroll records, and notifications to Plaintiffs about their wage rates and tip credits,  or in response to Plaintiffs' document requests.

The only documents produced by Defendants in this action are documents bate-stamped D1-D120, which were produced in response to the Mediation Referral Order and over which Defendants have asserted in their discovery responses that they maintain confidentiality under Rule 408 of the Federal Rules of Evidence.

Some of the specific requests Plaintiffs sought supplemental responses to where requests related to the individual defendants' financial status and corporate defendants' corporate structure, ownership, financial status and tax records all of which are not only relevant but necessary to proving Defendants' qualifying annual gross sales for purposes of establishing enterprise coverage under the FLSA. Defendants put this fact at issue through their denials in their Answer. However, in their responses, Defendants purport to object to these demands on relevance grounds despite knowing  that financial documents of both the individual and corporate defendants are routinely deemed relevant and subject to production in these types of cases. *See Yong F. Ke v 85 Fourth Ave. Inc.,* 07 CIV.6897 BSJ JCF, 2009 WL 1058627, at *2 (S.D.N.Y Apr. 20, 2009) (requiring production of unredacted financial records of corporate defendants and production of individual defendants' financial records with appropriate redactions); *see also, Alvarez v 40 Mulberry Rest., Inc.,* 20 Wage & Hour Cas 2d (BNA) 1264 (S.D.N.Y. Oct. 3, 2012) (extending discovery for production of financial documents.)

In addition, Plaintiffs requested that Defendants supplement their responses related to Plaintiffs' hours, work schedules, pay rate, manner of payment, wage deductions, minimum wage payments, overtime payments, time-keeping records, employment contracts or applications, wage statements, notices of pay rate, and individuals responsible for preparing Defendants' payroll records and/or supervising Plaintiffs. Defendants did not respond to Plaintiffs' letter or supplement their responses.

On Saturday, May 1, 2021, Defendants' counsel sent a letter to Plaintiffs' counsel alleging, for the first time, that Plaintiffs' discovery responses are deficient (without identifying any specific deficiencies) and suggesting that the deficiencies can be addressed at Plaintiffs' deposition and failing to  address any of the deficiencies raised in Plaintiffs' April 22, 2021 letter. Defendants are also demanding  that depositions be conducted in-person at Defendants' counsel's office in Long Island.

On May 3, 2021, Plaintiffs' counsel wrote to Defendants' counsel seeking to work out an agreement to conduct the depositions via zoom or other remote means due to COVID-19 safety concerns, but Defendants' counsel is refusing to conduct the depositions via zoom.  In addition, Plaintiffs' counsel, again, requested that Defendants provide complete responses to the discovery demands prior to the start of the depositions but, again, Defendants have failed to provide responses or commit to providing responses, or responded at all.

Therefore, Plaintiffs' have been left with no alternative but to request an informal conference to address the discovery issues and for leave to make an application to the court pursuant to Fed. R. Civ. P. 30(b)(4), which provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means" to order that the depositions in this case be held remotely, as has been routinely ordered by courts during the COVID-19 pandemic.

In our letter to defendants' counsel earlier today, we notified him of our intent to file a letter with the Court today. In full disclosure, this afternoon, Defendants' counsel requested that we wait until tomorrow to submit a joint letter to the court but depositions are scheduled to begin on Wednesday and we wanted to bring these issues to the court's attention once it was clear that the parties are unable to reach a settlement.

Please let us know if you have any questions or require further information in connection with this request. Thank you for your courtesy and attention to this matter.

Respectfully submitted,<br>
/s/ Paula Lopez

Cc.: Defendants' counsel (via ECF)

EXHIBIT A



ATTORNEYS AT LAW

**NEW YORK**
**1010 AVENUE OF THE AMERICAS**
**NEW YORK, NEW YORK, 10018**
**TELEPHONE: (212)213-8844**
**FACSIMILE: (212)213-3318**

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

April 22, 2021

WWW.ALLYNFORTUNA.COM

VIA EMAIL
Emanuel Kataev, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
Emanuel@mllaborlaw.com

      Re:  *Martinez-Cruz et al v. York Bagels Inc. et al.*
          <u>Civil Action No. 20-CV-4084</u>
          <u>Discovery Deficiencies</u>

Dear Emanuel,

  As you are aware, we represent the Plaintiffs in the above-referenced action. We are writing to address the deficiencies that we have identified in Defendants' Responses to Plaintiffs' Document Requests and First Set of Interrogatories dated March 8, 2021, which are outlined below and must be addressed prior to the depositions in this case.

  Generally, Defendants responses to both the document requests and interrogatories are deficient in that they fail to provide responsive documents or responsive information to the specific requests. In fact, Defendants' responses to the interrogatories even fail to identify who on behalf of Defendants provided the responses and are not verified. In addition, Defendants responses to Plaintiffs' document demands refer Plaintiffs back to Defendants' Initial Disclosures and/or documents "already produced.". However, Defendants have not produced any documents as part of their intitial disclosures or in response to Plaintiffs' document requests. The only documents produced by Defendants in this action are documents bate-stamped D1-D120, which were produced in response to the Mediation Referral Order and over which Defendants have asserted in their responses that they maintain confidentiality under Rule 408 of the Federal Rules of Evidence. Therefore, Defendants have not produced a single document in discovery despite asserting in their Initial Disclosures that they are in possession of "Plaintiffs' time records (or records indicating the time Plaintiffs worked), Plaintiffs' payroll records, and notifications to Plaintiffs about their wage rates and tip credits." Additionally, with regard to

1

Defendants' objections to Plaintiffs' document demands, Defendants make some form of the same generalized objection to all the demands that reads as follows:

> **"Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, vague, and not relevant to any claim or defense or proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced."**

However, the objections are entirely invalid and without legal basis as Plaintiffs' Document Requests seek very specific documents relating to Plaintiffs' employment with Defendants, are limited in time and scope to the time period covered by Plaintiffs' claims, and are relevant to the claims and allegations asserted in Plaintiffs' Complaint, Defendants' denials in their answers and their alleged affirmative defenses.

Turning now to specific deficiencies, Document Requests 4-16, 27-28, 35-36, 60, 78, 82-83, 86-87, 90, 91 seek records related to Plaintiffs' hours, work schedules, pay rate, manner of payment, wage deductions, minimum wage payments, overtime payments, time-keeping records, employment contracts or applications, wage statements, notices of pay rate, and individuals responsible for preparing Defendants' payroll records and/or supervising Plaintiffs. These requests are entirely relevant and seek documentation and the identity of potential witnesses with information relevant to Plaintiffs' wage and hour claims yet, Defendants' object on relevance grounds and refer Plaintiffs to "already produced documents" when none have been produced.

Additionally, document request 55 seeks all documents relevant to Plaintiffs' separation from employment with Defendants. As Defendants' are aware Plaintiff Erick Martinez-Castillo has asserted a retaliation claim against Defendants related to his termination. Therefore, Defendants' generalized objection is improper, and Defendants have not produced any responsive documents.

Document Requests 17- 26, 42 , 57-59 seek records relating to Defendants' internal employment policies and procedures related to Plaintiffs' employment including records regarding their method computing Plaintiffs' compensations, meal and rest breaks, wage deduction and/or credits taken by Defendants from Plaintiffs' wages, expense. These requests are wholly relevant to Plaintiffs' claims yet, Defendants' object on relevance grounds and refer Plaintiffs to "already produced documents" when none have been produced. Please provide supplemental responses.

Document Requests 28-30, 41, 88 seeks records of communications between Plaintiffs and Defendants related to Plaintiffs' employment and conditions of employment during the relevant period and or any written statements of Plaintiffs with regard to the subject matter of this action. Again, Defendants make the same generalized objections and fail to produce any responsive documents. Documents 32-34, 37-40 seek documents relevant to the issue of willfulness and relevant to Plaintiffs' claim for

liquidated damages and Defendants' Eighth Affirmative Defense.  These requests are wholly relevant yet, as in all their responses, Defendants object on relevance grounds and refer Plaintiffs to "already produced documents" when none have been produced.

      Document Requests 47-49, 61-74 seek documents relating to the individual defendants' financial status and corporate defendants' corporate structure, ownership, financial status and tax records all of which are not only relevant but necessary to proving Defendants' qualifying annual gross sales for purposes of establishing enterprise coverage under the FLSA. Defendants have put this fact at issue through their denials in their Answer. However, in their responses, Defendants purport to object to theses demands on relevance grounds despite knowing  that financial documents of both the individual and corporate defendants are routinely deemed relevant and subject to production in these types of cases. *See Yong F. Ke v 85 Fourth Ave. Inc.,* 07 CIV.6897 BSJ JCF, 2009 WL 1058627, at *2 (S.D.N.Y Apr. 20, 2009) (requiring production of unredacted financial records of corporate defendants and production of individual defendants financial records with appropriate redactions); *see also, Alvarez v 40 Mulberry Rest., Inc.,* 20 Wage & Hour Cas 2d (BNA) 1264 (S.D.N.Y. Oct. 3, 2012) (extending discovery for production of financial documents.) Please provide the requested and required documentation.

      Document requests 49-53, and 89 seeks documents/and information related to Plaintiffs' co-workers during the relevant times. Defendants again object on relevance grounds. However, to the extent Defendants contend that Plaintiffs worked fewer hours than claimed, whether other workers were working when Plaintiffs claimed to be working is relevant and would identify witness with knowledge and information relevant to Plaintiffs' claims. Further, Defendants' payroll practices not just with respect to Plaintiffs but as to their other employees is relevant to a willfulness finding that would serve to extend the FLSA statute of limitations. Therefore, these document requests are relevant and responses are required.

      To summarize the foregoing, Plaintiffs' requests as outlined above are proper requests seeking documentation/information relevant to claims asserted in their Complaint and defenses and affirmative defenses asserted in Defendants' Answer. Defendants' objections to these requests lack any legal basis. Further, Defendants' responses which imply and refer Plaintiffs to "already produced documents" are invalid, as Defendants are well aware that they have not produced any documents in discovery.

      Accordingly, please produce Defendants' supplemental responses by no later than Monday, April 26, 2021, as it would not be appropriate for Plaintiffs or Defendants to be deposed until Defendants' production is complete. To the extent Defendants are not in possession of documents responsive to any of the requests, please state so. We are writing this letter in good faith to resolve these discovery issues. However, please be advised that Defendants' continued dilatory tactics throughout discovery will leave us no choice than to seek court intervention if we do not receive complete responses.

      Please note that we have requested available dates from Plaintiffs to have their depositions conducted within the next two weeks and they are available April 29, May 5th and/or May 6th. Please let us know which dates work for you as soon as possible. Also, this shall confirm that Defendants' depositions are scheduled for May 10th and May 11th, as you have

indicated that those are the only two available dates. Please advise whether Mr. Djouraev or Mr. Ishakov, will also be testifying as corporate representatives for the corporate defendants and for which ones.

      Feel free to contact me or Nicholas Fortuna if you have any questions or concerns regarding the foregoing.

              Sincerely,
               /s/
              Paula Lopez