

**MEMO ENDORSED**

**NEW YORK**
**1010 A**VENUE OF THE **A**MERICAS
**N**EW **Y**ORK, **N**EW **Y**ORK, **10018**
**TELEPHONE:** (212)213-8844
**FACSIMILE:** (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile  (973) 379-0048

May 3, 2021

<u>Via Electronic Case Filing</u>
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

   Re: <u>Martinez-Cruz, et ano. v. York Bagels Inc. et ano.</u>
      <u>Case No.: 1:20-cv-4084 (KPF) (SN)</u>

Dear Judge Failla:

  Allyn & Fortuna LLP represents the plaintiffs, Rogelio Martinez-Cruz and Erick Martinez-Castillo (collectively referred to as "Plaintiffs"), in the above-referenced case.

  The instant action is for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL"). Plaintiffs' counsel is writing pursuant to Local Civil Rule 37.2 to request an informal conference to address certain discovery disputes that have arisen in this action and we have attempted to work out with Defendants' counsel but have been unable to do so. Also, as an aside, Plaintiffs would like to disclose to the court that between April 23, 2021 though this afternoon, the parties have endeavored to negotiate a settlement in this action, first, through the use of an informal third-party mediator and then directly through counsel, until this afternoon it seemed like a settlement was about to be reached; unfortunately, the parties have reached an impasse, and require the court's assistance in  addressing the discovery issues noted herein.

  By way of background, Plaintiffs had previously requested an extension of the fact discovery deadline by letter dated April 12, 2021 because Defendants had been uncooperative in scheduling depositions. Your honor granted Plaintiffs' request on April 12, 2021 and extended the deadline to May 13th.

  After numerous attempts to schedule the depositions with Defendants, on April 21, 2021, Defendants' counsel indicated that the only dates available for defendants to be deposed were May 10th and 11th. Upon request from Defendants' counsel, Plaintiffs' counsel offered to produce Plaintiffs on April 29th, May 5th and/or May 6th.  Defendants selected May 5th and 6th as the dates to depose Plaintiffs.

On April 22, 2021, Plaintiffs' counsel wrote to Defendants' counsel confirming the deposition dates and raising specific deficiencies in Defendants' discovery responses, which we sought to resolve prior to the start of depositions and on April 23, 2021 served Notices to Admit since the deposition schedule would not allow sufficient time for serving them after the completion of depositions. A copy of the letter to counsel dated April 22, 2021 is annexed hereto as Exhibit "A". Specifically, the letter raises deficiencies in Defendants' responses to Plaintiffs' document demands, all of which refer Plaintiffs back to Defendants' Initial Disclosures and/or documents "already produced.". However, Defendants did not produce any documents as part of their initial disclosures despite asserting in their Initial Disclosures that they are in possession of "Plaintiffs' time records (or records indicating the time Plaintiffs worked), Plaintiffs' payroll records, and notifications to Plaintiffs about their wage rates and tip credits,  or in response to Plaintiffs' document requests.

The only documents produced by Defendants in this action are documents bate-stamped D1-D120, which were produced in response to the Mediation Referral Order and over which Defendants have asserted in their discovery responses that they maintain confidentiality under Rule 408 of the Federal Rules of Evidence.

Some of the specific requests Plaintiffs sought supplemental responses to where requests related to the individual defendants' financial status and corporate defendants' corporate structure, ownership, financial status and tax records all of which are not only relevant but necessary to proving Defendants' qualifying annual gross sales for purposes of establishing enterprise coverage under the FLSA. Defendants put this fact at issue through their denials in their Answer. However, in their responses, Defendants purport to object to these demands on relevance grounds despite knowing that financial documents of both the individual and corporate defendants are routinely deemed relevant and subject to production in these types of cases. *See Yong F. Ke v 85 Fourth Ave. Inc.,* 07 CIV.6897 BSJ JCF, 2009 WL 1058627, at *2 (S.D.N.Y Apr. 20, 2009) (requiring production of unredacted financial records of corporate defendants and production of individual defendants' financial records with appropriate redactions); *see also, Alvarez v 40 Mulberry Rest., Inc.,* 20 Wage & Hour Cas 2d (BNA) 1264 (S.D.N.Y. Oct. 3, 2012) (extending discovery for production of financial documents.)

In addition, Plaintiffs requested that Defendants supplement their responses related to Plaintiffs' hours, work schedules, pay rate, manner of payment, wage deductions, minimum wage payments, overtime payments, time-keeping records, employment contracts or applications, wage statements, notices of pay rate, and individuals responsible for preparing Defendants' payroll records and/or supervising Plaintiffs. Defendants did not respond to Plaintiffs' letter or supplement their responses.

On Saturday, May 1, 2021, Defendants' counsel sent a letter to Plaintiffs' counsel alleging, for the first time, that Plaintiffs' discovery responses are deficient (without identifying any specific deficiencies) and suggesting that the deficiencies can be addressed at Plaintiffs' deposition and failing to  address any of the deficiencies raised in Plaintiffs' April 22, 2021 letter. Defendants are also demanding  that depositions be conducted in-person at Defendants' counsel's office in Long Island.

On May 3, 2021, Plaintiffs' counsel wrote to Defendants' counsel seeking to work out an agreement to conduct the depositions via zoom or other remote means due to COVID-19 safety concerns, but Defendants' counsel is refusing to conduct the depositions via zoom. In addition, Plaintiffs' counsel, again, requested that Defendants provide complete responses to the discovery demands prior to the start of the depositions but, again, Defendants have failed to provide responses or commit to providing responses, or responded at all.

Therefore, Plaintiffs' have been left with no alternative but to request an informal conference to address the discovery issues and for leave to make an application to the court pursuant to Fed. R. Civ. P. 30(b)(4), which provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means" to order that the depositions in this case be held remotely, as has been routinely ordered by courts during the COVID-19 pandemic.

In our letter to defendants' counsel earlier today, we notified him of our intent to file a letter with the Court today. In full disclosure, this afternoon, Defendants' counsel requested that we wait until tomorrow to submit a joint letter to the court but depositions are scheduled to begin on Wednesday and we wanted to bring these issues to the court's attention once it was clear that the parties are unable to reach a settlement.

Please let us know if you have any questions or require further information in connection with this request. Thank you for your courtesy and attention to this matter.

            Respectfully submitted,
            /s/ Paula Lopez

Cc.: Defendants' counsel (via ECF)

---

```
Given the COVID-19 Pandemic and the grave ongoing public health crisis it
poses, the Court will not order depositions to be conducted in person at
this time.  The parties should explore the several available means of
conducting depositions remotely that have become commonplace over the
past year.  For the avoidance of doubt: to the extent they occur at all,
the depositions of Plaintiffs shall occur remotely unless the parties
agree otherwise.

Pursuant to the Court's individual rules, Defendants may file a letter in
response to the other issues raised in Plaintiffs' May 3, 2021 letter on
or by May 6, 2021.

Dated:    May 3, 2021                        SO ORDERED.
          New York, New York
```

*[signature: Katherine Polk Failla]*

           3  HON. KATHERINE POLK FAILLA
             UNITED STATES DISTRICT JUDGE